IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT MORRIS, R71372,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>)<br>**TAYLOR,** )<br>**TARA CHADDERTON,** )<br>**IDOC,** )<br>)<br>**Defendants.** ) | Case No. 23-cv-3781-DWD |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Defendant Taylor's Motion to Quash under Federal Rules 4 and 12, or for an extension of time to file an answer. (Doc. 36). Defendant Dr. David Taylor's counsel explains that on July 9, 2024, the United States Marshals filed a return of service for Dr. Taylor indicating service upon "Barbara—Front Desk" for this case. (Doc. 34). With the executed waiver, Plaintiff's answer deadline was set at July 24, 2024. (*Id.*). Counsel contends that he believes the attempted service was made at the offices of a non-party—Demant Healthcare. Demant is not an authorized agent to accept service on Dr. Taylor's behalf. Despite this attempt at service, he indicates that Dr. Taylor has not yet received adequate personal service. More than 90 days have lapsed from the filing of this lawsuit, so Dr. Taylor contends that the claims against him should be dismissed for faulty service. (Doc. 36). Alternatively, he seeks an extra 21 days to file a responsive pleading. (Doc. 36). Plaintiff has not responded to the Motion.

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows a defendant to enforce service of process requirements through a pretrial motion to dismiss. FED. R. CIV. P. 12(b)(5). The method of service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4. Specifically, Federal Rule of Civil Procedure 4(e)(2) provides that an individual within a judicial district of the United States may be served by: (1) delivering a copy of the summons and of the complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Alternatively, the Rule 4(e) for individuals to be served process in accordance with the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

The purpose of the service of process requirements is to provide the parties notice, encourage parties and their counsel to diligently pursue their case, and trigger a district court's ability to exercise jurisdiction over a defendant. *See Cardenas v. City of Chic.*, 646 F.3d 1001, 1005 (7th Cir. 2011) (citations omitted). When a defendant contests the sufficiency of service under 12(b)(5), usually the plaintiff bears the burden to prove that the defendant was properly served. *See Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (citing *Cardenas*, 646 F.3d at 1005). When considering a Rule 12(b)(5) motion, the Court may look outside the pleadings and must ultimately view the facts in the light most favorable to the plaintiff. *See United States v. Park*, 389 F. Supp. 3d 561, 567 (N.D. Ill. 2019).

"Service generally will be quashed and the action preserved [rather than dismissed] in those cases in which there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." *Chatman v. Condell Med. Ctr.*, No. 99 C 5603, 2002 WL 737051, at *2 (N.D. Ill. Arp. 22, 2002).

Dr. Taylor contends that personal service was not accomplished in this case because he was not served personally, nor was "Barbara" authorized to accept service on his behalf. While this appears accurate, the Court, not Plaintiff, directed service, and Plaintiff "should not be penalized for the Marshals Service's inability to accomplish proper service." *Smith v. Ludwig,* 2022 WL 2866704, at *1 (W.D. Wisc. July 21, 2022) (citing *Sellers v. United States,* 902 F.2d 598, 602 (7th Cir. 1990)). The Court will not dismiss Plaintiff's claims because of a "court officer's failure or mistake." *Walton v. Fed. Bureau of Prisons,* 533 F. Supp. 2d 107, 111 (D.C. Feb. 5, 2008). Because failure by the Marshals Service to complete timely service is automatic grounds for "good cause" to extend the deadline for service under Federal Rule of Civil Procedure 4(m), the Court will quash service as requested and reissues summons. *See Graham v. Satkoski,* 51 F. 3d 710, 713 (7th Cir. 1995). Once the summons is returned executed, this will start a new clock for Defendant's answer.

## DISPOSITION

Defendant Taylor's Motion to Quash (Doc. 36) is **GRANTED** in part. The July 3, 2024, services of process on Defendant Taylor was ineffective and is therefore **QUASHED.** (Docs. 25, 34). The Clerk of Court shall **REISSUE** summons for Dr. Taylor in accordance with Doc. 13. The Clerk **SHALL** provide a copy of this Order along with

the summons to the United States Marshals Service. The United States Marshals **SHALL** serve Defendant Taylor pursuant to Federal Rule of Civil Procedure 4(e). However, Taylor's Motion will be **DENIED** as to his request to dismiss the allegations for faulty service. A new answer deadline will follow when the summons is properly executed.

**IT IS SO ORDERED.**

**Dated**: September 10, 2024

DAVID W. DUGAN
United States District Judge