IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MORRIS, R71372, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   Case No. 23-cv-3781-DWD |
| DR. TAYLOR, | ) |
| TARA CHADDERTON, | ) |
| IDOC, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Robert Morris, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Menard Correctional Center (Menard). Plaintiff alleges that the Defendants violated his rights by injuring his ear during multiple appointments, refusing treatment for the injuries, and depriving him of needed hearing-related accommodations.  The Court denied the Defendants' motions for summary judgment on the issue of exhaustion of administrative remedies on March 5, 2025. Defendants Chadderton and IDOC sought an evidentiary hearing, while Defendant Taylor withdrew the affirmative defense.  For reasons explained in this Order, the Court now finds that Plaintiff made reasonable efforts to exhaust his remedies, but the process was rendered unavailable.  Thus, this case will now advance to merits discovery against all Defendants on all three claims.

## BACKGROUND

Plaintiff's complaint was signed, but not dated, it was received by the Court for filing on November 27, 2023.  (Doc. 1 at 27; Docket entry 1).   Upon initial review of the complaint, Plaintiff was allowed to proceed on the following claims:

> Claim 1:   Eighth Amendment deliberate indifference claim against Dr. Taylor and Nurse Tara concerning their treatment of Plaintiff's ears during ear flush and exams;
>
> Claim 2:   State law negligence or medical malpractice claim against Defendants Dr. Taylor and Nurse Tara for their conduct;
>
> Claim 4:   ADA claim for confiscating and refusing to restore Plaintiff's assistive hearing devices.

(Doc. 13 at 4).   Other claims against additional defendants were dismissed as insufficiently pled.  (*Id.*).

The parties agree that there is just one officially documented grievance that bears some relevance to the claims in this case that was submitted at Menard—grievance 217-4-23.  Grievance 217-4-23 was submitted by Plaintiff on April 14, 2023.  The grievance concerned many things, including Plaintiff's interaction with Defendant Chadderton for an ear flush, his interactions with Dr. Taylor, and his desire for ADA hearing accommodations.  (Doc. 50-2 at 1-3).  Plaintiff has maintained throughout this case that he tendered this grievance to the prison in April of 2023, but had no information about its status after it was filed.  Hearing nothing, in June of 2023, and July of 2023, he contacted the Administrative Review Board, for assistance getting his unanswered grievance resolved.  They rejected his June correspondence for lacking underlying grievance

documentation from the prison, and it is not clear if he got any response to his July query. After waiting until late November of 2023, he filed this lawsuit.

When Defendants Chadderton and IDOC filed their Motion for Summary Judgment on exhaustion in October of 2024, they contended that Plaintiff's grievance got a first level counselor response on December 26, 2023. (Doc. 50 at 8). They argued that the large gap of time between Plaintiff's April 2023 grievance, and the prison's December 2023 first level response did not excuse his duty to exhaust. In the October 2024 brief and evidence, they did not include information about what came of the grievance. However, in their February 13, 2025, reply brief, they posited that the delay in the grievance processing did "not demonstrate that the grievance process was unavailable to Plaintiff, but rather that it was working and his concerns were being investigated and addressed in a timely manner." (Doc. 61 at 3). In support of this contention, the supplied a grievance processing log from Menard that showed the grievance was resubmitted for second level grievance officer review in January of 2024, but that it was still pending. (Doc. 61-1 at 4-5). Given the available evidence about the length of time that grievance 217-4-23 was pending at the prison, and the fact that it appeared still to be pending as of March of 2025 when the Court made a written ruling on summary judgment, the Court concluded that the grievance process was possibly unavailable, and it invited the Defendants to seek a hearing if they had additional relevant evidence.

The hearing was initially set for April 16, 2025, but on April 15, 2025, defense counsel moved for an extension of time on the premise he had just gathered new relevant evidence and that he needed time to share that evidence with Plaintiff. (Doc. 69). The

extension was granted, and the hearing was re-set for May 28, 2025. On May 27, 2025, defense counsel moved to supplement the record with additional evidence about exhaustion. (Doc. 73). At the hearing, Plaintiff indicated he had not yet received that filing.

In the Motion to Supplement, defense counsel included grievance records from the Administrative Review Board (ARB) that demonstrate that grievance 217-4-23 was resolved at the prison level in July of 2024, and it was then appealed to the ARB on July 2, 2024. (Doc. 73-1 at 1, 5). They contend via the new evidence that on August 15, 2024, the ARB denied the grievance on the merits. (Doc. 73-1 at 1, 5). They supported this new evidence with declarations from a grievance officer (Doc. 73-2) and ARB member (Doc. 73-3), both dated late-May of 2025. Based on this evidence, the argue the lawsuit should be dismissed because Plaintiff filed before exhausting his remedies. The attorney who filed all of the Pavey materials in this case, including the last-minute motion to supplement, was not present at the Pavey hearing on May 28, 2025. Instead, his colleague appeared and indicated he was filling in because the primary attorney on the case called in sick. The stand-in attorney had not been notified of the late motion to supplement. Faced with a difficult situation, the stand-in attorney diplomatically presented the best argument he could for his clients, while acknowledging that the grievance process in this case took quite a long time.

## Conclusions of Law

### A. Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving part." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. However, "if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting," then the grievance procedure becomes unavailable. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (finding that an inmate who placed a timely ARB appeal in his chuckhole for mailing, but whose grievance was apparently lost, did all that he could to follow exhaustion procedures).

As an inmate in the Illinois Department of Corrections (IDOC), Plaintiff must follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, et seq. (2017). Under IDOC's procedure, an inmate initiates a grievance

with his counselor, and he may then submit his grievance to a grievance officer at his facility, and to the CAO at his facility. If an inmate is unsatisfied with the outcome at the facility he must appeal to the ARB within 30 days. 20 ILL. ADMIN. CODE § 504.850(a). The Illinois Administrative Code provides that the grievance officer shall "when reasonably feasible under the circumstances" make recommendations to the prison's Chief Administrative Officer (CAO) on a grievance within two months of receipt. 20 Ill. Admin. Code § 504.830.

Although courts have not treated the 60-day timeframe in § 504.830 as a firm deadline that allows an inmate with a non-response to proceed immediately to a lawsuit, courts have suggested that if an inmate has no clue if or when a response might come, then the process may become obscure or unavailable. *See Reid v. Balota*, 962 F.3d 325, 331 (7th Cir. 2020) (finding that an inmate who never got a response to a standard grievance, and who got two unhelpful responses from the ARB that did not indicate if anyone was investigating, had run into an administrative process that was unavailable to him); *compare with Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004) (holding that the passage of the 60-day aspirational timeline without a response did not automatically open the avenue for a lawsuit if the prison was still investigating a grievance). In *Reid*, an inmate alleged an assault by a prison staff member and simultaneously filed an emergency and standard grievance. The Warden deemed the emergency grievance a non-emergency. The prison responded to the standard grievance with an indication the matter had been referred for internal investigation, but it never provided a formal ruling on the grievance. Plaintiff tried to go to the ARB, but they responded that he needed a counselor's rejection

and grievance officer/CAO rejection, without checking the box to invite the submission of those materials. Plaintiff then tried to inquire via emergency grievance about the non-return of his standard grievance, but the CAO denied emergency status, and the ARB again rejected the appeal for lack of underlying documents with no indication of what Plaintiff could do to return for a valid merits consideration of his appeal. Against this backdrop, the Seventh Circuit found that the process was obfuscated, that Plaintiff's standard grievance never got a response, that he had no reason to believe any grievances were being investigated further, and that the process was thus unavailable.

The "failure to exhaust is an affirmative defense, and as such the burden of proof is on the defendants to establish that administrative remedies were not exhausted, and not on the prisoner to show that administrative remedies were unavailable." *Smallwood v. Williams,* 59 F.4th 306, 315 (7th Cir. 2023) *citing Gooch v. Young*, 24 F.4th 624, 627 (7th Cir. 2022); *Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016). "In short, if there are contested facts as to whether a prison grievance process was available (keeping in mind that the burden of proof is on the defendants to show a lack of exhaustion), summary judgment is not appropriate and this gateway factual determination must be made in a Pavey hearing." *Smallwood*, 59 F.4th at 315.

**B. Analysis**

The Court finds it appropriate to deny the Motion to Supplement (Doc. 73) because counsel filed this pleading unreasonably late, after already receiving a lengthy extension from the original April 2025 hearing date on the premise that he needed additional time to share new evidence. The failure to exhaust administrative remedies is an affirmative

defense that the defendants have the burden to establish, in the appropriate time and manner in a case. In this case, the Court issued a Scheduling Order on July 8, 2024, that set an October 7, 2024, deadline for Defendants to file dispositive motions on the issue of exhaustion. Defendants Chadderton and IDOC timely met that deadline, but their motion lacked critical evidence about the handling of grievance 217-4-23 that was readily available at the time they filed their Motion. In both their October 7, 2024, and February 13, 2025, briefs, they continued to misrepresent the factual landscape in this case, insisting that exhaustion of grievance 217-4-23 was not yet complete, when in fact the evidence they finally submitted on May 27, 2025, showed that exhaustion was complete at all levels of review by August of 2024. Counsel's own failure to thoroughly investigate in this case and timely provide this evidence to Plaintiff and the Court has caused significant delays in this case and has been prejudicial to Plaintiff's ability to argue his position. Although the Defendants promised in April of 2025 to share their newly discovered evidence with Plaintiff, they failed to even attempt to transmit this information until the eve of the May 28 hearing. This left Plaintiff without the ability to review the material, and it left the Court to rehash significant information at the last minute. The Court finds this behavior to be akin to failing to timely file a motion for summary judgment on the issue of exhaustion, which is typically treated as a waiver of the issue absent compelling evidence to the contrary. *See e.g.*, *Jordan v. Lloyd*, 2024 WL 5246592 at * 3 (S.D. Ill. Dec. 30, 2024) *citing* *Bowman v. Korte*, 962 F.3d 995, 997-98 (7th Cir. 2020) (scheduling orders and court-imposed deadlines matter). Given the utter lack of timely and accurate information about

the affirmative defense of failure to exhaust, the Court finds it appropriate to deny the motion to supplement (Doc. 73).

Taking a step back, the Court reiterates the comments made in the earlier written ruling on exhaustion. (Doc. 64). Exhaustion is a mandatory precondition to suit, but an inmate is only required to exhaust those remedies that are available to him. *See e.g. Reid v. Balota*, 962 F.3d 331. In this case, Plaintiff timely filed a grievance, and when he was not getting an answer, he twice sought advice from the ARB. Neither the prison nor the ARB provided him any guidance about what to do given that his April 2023 grievance seemed to be missing or lost in processing. Ultimately, Plaintiff waited from April of 2023 until November 27, 2023, made two attempts to ask for help from the ARB, and eventually filed this lawsuit. The fact that the grievance process began moving again after he filed does not matter because he waited quite a while to sue and made diligent inquiries. His grievance eventually took 16 months to get a final disposition from the ARB. This is simply too long. The defendants cannot persuasively contend that a 16-month delay is excusable or represents a grievance process that was available and functional for this particular issue. Thus, even if the Court was inclined to allow the evidence with the Motion to Supplement, it can and would still reach the conclusion that the exhaustion process was simply unavailable in this case.

The Court notes that the ruling on exhaustion in this case is exceedingly narrow and is very specific to the facts and development of the record in this case. The Court regularly requires inmates to comply with the PLRA by exhausting their claims before filing a lawsuit, and it regularly dismisses cases where an inmate files suit before

exhausting. Generally, the recourse for an inmate who files too early, and exhausts later, is to file his lawsuit anew. But here, such an outcome seems inequitable given Plaintiff's diligence, and the lack of responses he got either at the prison level, or in this litigation concerning exhaustion. Thus, under these very narrow circumstances, the Court finds the remedies were not available and the case may proceed to merits discovery.

### DISPOSITION

Defendants' Chadderton and IDOC's Motion to Supplement (Doc. 73) is **DENIED**. They have failed to establish that the exhaustion process was available for Plaintiff as it pertains to grievance 217-4-23, so this case will now proceed to merits discovery. A discovery schedule and mediation referral order will follow.

**IT IS SO ORDERED.**

Dated: June 13, 2025

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge